## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PARKWOOD HOSPITALITY, LLC, | ) | Bankr. Case No. 11-14863 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | | |
| | | |
| PARKWOOD HOSPITALITY, LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1485-HE |
| | ) | |
| UNITED CENTRAL BANK, | ) | |
| | ) | |
| Appellee. | ) | |

## **ORDER AND JUDGMENT**

Debtor-appellant Parkwood Hospitality, LLC ("Parkwood") filed a voluntary petition on September 2, 2011, seeking to reorganize under Chapter 11 of the Bankruptcy Code. Creditor-appellee United Central Bank ("UCB") filed a motion seeking relief from the automatic stay, which the bankruptcy court granted on November 15, 2011. Parkwood filed this appeal on December 2, 2011 with the bankruptcy appellate panel, and UCB elected to have the appeal heard by this court on December 15, 2011.[1]  Notice of Appeal [Doc. #1]. Parkwood filed a motion with the bankruptcy court for a stay pending appeal, which the bankruptcy court denied.  Debtor then moved this court for a stay pending appeal, which the court denied after a hearing on December 29, 2011. Order Denying Stay Pending Appeal

---

[1] The court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a).

[Doc. #14].

In its response brief on the merits, UCB argues this appeal is moot on the basis that the asset to which the stay motion was directed, a hotel in Frisco, TX, sold to UCB as the highest bidder at a foreclosure sale on January 2, 2012. UCB Brief at 3 [Doc. #16]. Parkwood addressed the issue in its reply brief.  The court concludes the appeal should be dismissed because it is moot.

Article III's requirement that the federal courts only decide "cases and controversies" demands that an appeal be dismissed if it becomes moot.  *See* Out of Line Sports, Inc. v. Rollerblade, Inc., 213 F.3d 500, 501 (10th Cir. 2000).  An appeal is moot if the court cannot fashion "any effectual relief whatever" to a prevailing party.  Office of Thrift Supervision v. Overland Park Fin. Corp. (In re Overland Park Fin. Corp.), 236 F.3d 1246, 1254 (10th Cir. 2001) (quoting Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992)).  "If the debtor fails to obtain a stay, and if the property is sold in the interim, the district court will ordinarily be unable to grant any relief [and] the appeal will be moot."  Sullivan Cent. Plaza I, Ltd. v. BancBoston Real Estate Capital Corp. (In re Sullivan Cent. Plaza I, Ltd.), 914 F.2d 731, 733 (5th Cir. 1990); *see also* Wedel v. Centera Bank (In re Wedel), 107 Fed. Appx. 824, 825 (10th Cir. 2004) (unpublished opinion); Egbert Development, LLC v. Community First Nat'l Bank (In re Egbert), 219 B.R. 903, 905 (10th Cir. BAP 1998).

Parkwood argues that there is an exception to this rule when the foreclosure sale can be set aside under state law.  In support, it cites Egbert, 219 B.R. at 905-06.  But Egbert

offers no support for debtor's position.[2] Egbert neither involved nor mentioned an exception to the mootness rule based on a claimed procedural irregularity in a state foreclosure sale. Rather, the bankruptcy appellate panel dismissed the appeal as moot after refusing to adopt an exception to the mootness rule when the purchaser is a party to the appeal and the debtor has a state statutory right of redemption. *See* 219 B.R. at 906 (rejecting Sun Valley Ranches, Inc. v. Equitable Life Assurance Soc'y of the U.S. (In re Sun Valley, Inc.), 823 F.2d 1373 (9th Cir. 1987)). The panel concluded it was "powerless to rescind the foreclosure sale on appeal." *Id.* The Tenth Circuit has cited Egbert with approval, noting it as an example of a case where the appeal was moot in light of the debtor's failure to obtain a stay pending appeal and the subsequent sale of the property. *See* Out of Line Sports, 213 F.3d at 502.[3]

Parkwood also contends that this court should exercise its equitable powers pursuant to 11 U.S.C. § 105(a) to set the Texas foreclosure sale aside. However, even assuming that the court's equitable powers potentially extend to setting aside a sale conducted pursuant to state law under the circumstances existing here, such relief is not warranted. To justify such a result, the circumstances must be sufficiently "compelling" or "particularly egregious" so

---

[2]*There is some support for Parkwood's position from other jurisdictions, see e.g.* Mann v. Alexander Dawson Inc. (In re Mann)*, 907 F.2d 923, 926 (9th Cir. 1990) (recognizing an exception when a sale could be set aside on state law grounds), but that position is not universally accepted. See* West End Assocs. v. Sea Green Equities*, 166 B.R. 572, 576-79 (D.N.J. 1994) (discussing the differing approaches to the subject between the Fifth and Ninth Circuits).*

[3]*UCB's status as a "good faith purchaser" is not challenged in this case. In some circumstances, that issue may affect the mootness determination. See* Guadano v. Holbrook (In re Indep. Gas & Oil Producers, Inc.)*, 80 Fed. Appx. 95, 99-100 (10th Cir. 2003) (unpublished opinion) (citing* Tompkins v. Frey (In re Bel Air Assocs., Ltd.)*, 706 F.2d 301, 304-05 (10th Cir. 1983)).*

as to outweigh the substantial interest in the finality of bankruptcy court judgments.  *See* Sullivan Cent. Plaza, 914 F.2d at 735 (concluding that similar circumstances did not justify exercise of the district court's "broad equitable power").  Such a circumstance is not present here.

The court cannot offer the debtor any remedy in the circumstances existing here.  The appeal is therefore **DISMISSED** as **MOOT**.

**IT IS SO ORDERED**.

Dated this 29th day of March, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE